# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES THURMAN, )<br>    Defendant/Movant, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | Case No. 5:09-cv-8037-SLB-JEO<br>            5:09-cr-0055-SLB-JEO |

## MEMORANDUM OPINION

Before the court is the defendant's "Motion for Vacation of Illegal Sentence" (09-8037 at Doc. 1)[1]. Upon consideration, the court finds that the Motion is due to be denied.

## BACKGROUND

Thurman was indicted on February 26, 2009, on three counts of making materially false statements when he sent emails to the White House stating that an individual threatened to kill the President of the United States, knowing that the individual had not made any such threats. (09-0055 at Doc. 8). He entered into a plea agreement with the United States. (*Id*. at Doc. 17). Pursuant to the agreement, Thurman agreed to plead guilty to Count One of the indictment and the United States agreed to dismiss the remaining counts, to recommend that he receive credit for accepting responsibility under the Sentencing Guidelines, and to recommend that he be sentenced at the low end of the applicable Guidelines range. (*Id*. at pp. 1-5). Thurman further agreed to waive his right to appeal his sentence and challenge his sentence in any collateral attack. (*Id*. at pp. 6-7).

---

[1] Document references herein are to the defendant's criminal case (*United States v. Charles Thurman*, 5:09-cr-0055-SLB-JEO ("09-0055")) and his § 2255 motion (*Charles Thurman v. United States*, 5:09-cv-8037-SLB-JEO ("09-8037")).

The court accepted the defendant's plea to Count One after determining that it was knowingly and voluntarily entered. (*Id*., Doc. 17, at pp 6-7). He was subsequently sentenced on October 26, 2009, to serve four months imprisonment followed by three years supervised release. (*Id*., Doc. 26).

Thurman filed a *pro se* "Motion for Appeal of Imposed Sentence" on November 10, 2009. (*Id*., Doc. 27). The Eleventh Circuit Court of Appeals returned this Notice of Appeal to Thurman due to his failure to sign and properly serve it. (*Id*., Doc. 31 at p. 3). These defects were timely corrected. Subsequently Thurman filed a motion to dismiss his appeal with prejudice, which the Eleventh Circuit granted on February 24, 2010. (*Id*., Doc. 38).

Thurman filed his motion to vacate on November 2, 2009, shortly after he was sentenced. The United States was ordered to appear and show cause why the requested relief should not be granted. It filed a response and Thurman was afforded an opportunity to reply. No reply has been received.

## DISCUSSION

Thurman asserts in the motion to vacate that the court failed to determine whether he "was competent to enter his plea of guilty. . . without understanding the merits of the charges as a whole." (09-08037, Doc. 1). He further asserts, without discussion, that this claim constitutes "newly discovered evidence." (*Id*.) The United States responds that his claim is due to be denied because "[h]e offers nothing to clarify his contention that the district court erred in some respect" and because he does not "provide any support [for] his allegation that he was somehow not competent to enter a guilty plea." (*Id*., Doc. 5 at p. 4). The United States also asserts that the claim is due to be dismissed because it is defaulted due to the fact it could have been raised on

2

appeal, but was not. (*Id*. at pp. 4-5). Finally, the United States asserts that the motion is due to be denied and dismissed on the merits. (*Id*. at p. 5). In support of this last contention, the United States notes that "the record demonstrates that Thurman's plea was knowing and voluntary and that Thurman understood 'the merits of the charges as a whole.'" (*Id*.)

The motion to vacate is due to be denied for a numbers of reasons. First, Thurman's conclusory allegations are insufficient to state a basis for relief. Thurman's failure to support his allegations with any facts warrants dismissal of the motion. *See Lynn v. United States*, 365 F.3d 1225, 1238 (11th Circ. 2004) (affirming lower court denial of § 2255 relief when the claim amounted to nothing more than "mere conclusory allegations"). Second, the claim that the plea was not knowingly, voluntarily, or understandingly entered, is defaulted because it could have been raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (stating that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review . . . Indeed, 'the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.'" (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979).). Third, the claim is without merit.

Thurman is well-educated; he has multiple post-secondary degrees. (09-0055, Doc. 36 at p. 21). During the plea colloquy, Thurman indicated that there was nothing that prevented him from understanding the rights he was waiving or the charge against him. (*Id*. at p. 10). The charge was explained to Thurman and he stated that he understood the charge. Thereafter, his counsel informed the court that he was satisfied that the defendant understood the charge and the consequences of entering the plea of guilty. (*Id*. at p. 12). Counsel also stated that the defendant was knowingly and voluntarily entering his guilty plea. (*Id*.).

Premised on the "strong presumption that [a defendant's] statements made during the [plea] colloquy are true," Thurman's conclusory allegation that he did not "understand the merits of the charges as a whole" is insufficient as a matter of law. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Accordingly, the defendant's motion is without merit.

## CONCLUSION

For the foregoing reasons, the defendant's motion to vacate his sentence is due to be denied. An appropriate order will be entered.

**DONE** this the 29th day of March, 2013.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE